COPY

1  ANNETTE L. HURST (STATE BAR NO. 148738)
   ahurst@orrick.com
2  MICHAEL D. WEIL (STATE BAR NO. 209056)
   mweil@orrick.com
3  CHRISTIAN N. BROWN (STATE BAR NO. 233147)
   cbrown@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
5  405 Howard Street
   San Francisco, CA 94105-2669
6  Telephone:  +1-415-773-5700
   Facsimile:  +1-415-773-5759
7
   Attorneys for Defendants
8  CLZ CONCEPTS, AFTERSHOCK INNOVATIONS,
   JEFF CHEN, and JAMES ZHANG
9

ORIGINAL FILED E-filing

FEB 27 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

EMC

| | |
|---|---|
| ZYNGA GAME NETWORK, INC., <br><br> Plaintiff, <br><br> v. <br><br> CLZ CONCEPTS d/b/a AFTERSHOCK INNOVATIONS LLC, JEFF CHEN, and JAMES ZHANG, <br><br> Defendants. | CV 09  CASE NO.  0854 <br><br> **DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION** |

**VOLUME 1 of 3**

---

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION

TO THE CLERK OF THE DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND ITS ATTORNEYS OF RECORD, PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441, 1446 Defendants CLZ Concepts, Aftershock Innovations LLC, Jeff Chen and James Zhang ("Defendants") hereby remove to this Court the state court action described below for the reasons set forth herein.

## BACKGROUND

On January 30, 2009, Plaintiff filed a Complaint for Injunctive Relief ("Complaint") in the Superior Court of the State of California, County of San Francisco, entitled "ZYNGA GAME NETWORK, INC. v. CLZ CONCEPTS D/B/A AFTERSHOCK INNOVATIONS LLC, JEFF CHEN and JAMES ZHANG," Case No. CGC-09-484557. The allegations in the Complaint, a copy of which is attached hereto as Exhibit A, are incorporated herein by reference without admitting any of them. The Complaint includes two causes of action: one for breach of contract and the second for statutory unfair competition under California Business and Professions Code § 17200 ("Section 17200"). Also on January 30, 2009, Plaintiff served a Summons and a copy of the Complaint on Defendants. A true and correct copy of the Summons is attached hereto as Exhibit B.

## COPYRIGHT PREEMPTION

Plaintiff's form Complaint for breach of contract and unfair competition (*see* Exhibit A) alleges conduct that is the legal and equitable equivalent of copyright infringement, and therefore is preempted under 17 U.S.C. Section 301. Although Plaintiff's form complaint perhaps did not plainly disclose that its claims were in fact equivalent to a copyright claim, Plaintiff subsequently moved for a preliminary injunction in the Superior Court — which was denied by that court. During the briefing and argument of the preliminary injunction, however, it became obvious that Plaintiff's contract and statutory claims are in fact the legal and equitable equivalent of a copyright infringement claim.

In particular, the subject matter of the action is videogames, which plainly are copyrightable subject matter under Section 102(a). *See Lewis Galoob Toys, Inc. v. Nintendo of America, Inc.*, 964 F.2d 965 (9th Cir. 1992); *Micro Star v. FormGen, Inc.*, 154 F.3d 1107 (9th Cir. 1998); *Data East USA, Inc. v. Epyx, Inc.*, 862 F.2d 204 (9th Cir. 1988). Plaintiff's game is "Mafia Wars," offered on the Facebook and MySpace social networking platforms. Defendants' game is Mafia Live!, offered for the iPhone. Plaintiff's accusations against Defendants include that their game is "substantially similar," or has "similar functions and features." Plaintiff went so far in its preliminary injunction briefing as to accuse Defendants of marketing a game that is not just "substantially similar," but "strikingly similar", "nearly identical" and a "blatant rip-off" of Plaintiff's game. These legal concepts plainly are the touchstones of copyright infringement. This action therefore belongs in this Court where, in light of the federal courts' exclusive jurisdiction over copyright claims, Plaintiff's purported state law claims can be evaluated with reference to well-understood copyright principles — and in particular, the limitations on copyright afforded by 17 U.S.C. Section 102(b).

The gravamen of allegations made in support of both the breach of contract and unfair competition claims is that Defendants have copied functions and features of Plaintiff's software applications. The assertion that Defendants' new application contains features that are "substantially similar" to those of Defendants' software applications is the legal equivalent of an allegation that Defendants infringed the copyright in Plaintiff's software applications. To the extent Plaintiff has based both causes of action (even in part) on what are essentially copyright violations by the Defendant, both claims are to this extent preempted.

Insofar as Plaintiff's claims for an injunction are both based expressly upon the alleged substantial similarity of copyrightable subject matter, neither Plaintiff's breach of contract claim nor its unfair competition claim contain additional elements that alter the nature of Plaintiff's claim as the legal and equitable equivalent of copyright. *See G.S. Rasmussen & Assocs., Inc. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896 (9th Cir. 1992);

- 3 -

*Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 303-04 (2d Cir. 2004); *Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 232 (4th Cir. 1993); *Jonathan Browning, Inc. v. Venetian Casino Resort, LLC*, 2007 WL 4532212 (N.D. Cal. 2007); *Higher Gear Group, Inc. v. Rockenbach Chevrolet Sales, Inc.*, 223 F. Supp. 2d 953 (N.D. Ill. 2002); *Worth v. Universal Pictures, Inc.*, 5 F. Supp. 2d 816, 820-22 (C.D. Cal. 1997); *Dielsi v. Falk*, 916 F. Supp. 985, 992 (C.D. Cal. 1996). Any breach of contract in this case predicated on a finding that Defendant's application contains substantially similar functions and features is identical to the invasion of rights protected by federal copyright law.

The allegation made in support of both claims is that Defendants unlawfully reproduced the functions and features of Plaintiff's software applications by including "substantially similar" functions and features in their own application. In this case, the elements of breach of contract do not include an element that renders the asserted right different in kind from a claim for copyright infringement. Because Plaintiff has pled facts in support of breach that fall under the purview of federal copyright law, the first cause of action is preempted. The second cause of action for statutory unfair competition, which is dependent upon the same assertion of unlawful similarity, is likewise preempted. This case is predicated on a finding that Defendants' application contains substantially similar functions and features and is plainly an invasion of the sphere of federal copyright law.

## JURISDICTION

Copyright is a matter of exclusive federal jurisdiction (28 U.S.C. §1338(a)) and Congress has expressly sought to preempt the field with respect to regulation of the legal protection afforded original works of authorship. 17 U.S.C. §301(a). The 1976 Act, with its express preemption clause, governs this action because Plaintiff's purportedly "substantially similar" software applications were created within the past two years. Plaintiff's breach of contract and unfair competition claims, to the extent they are based on Defendants' creation of a software application with allegedly "substantially similar" features and functions as Plaintiff's software applications is equivalent to a claim for

- 4 -
DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION

copyright infringement. Plaintiff's claims therefore arise under the Copyright Act. This Court has original and exclusive jurisdiction over claims premised upon copyright infringement and this entire action is therefore removable pursuant to 28 U.S.C. §1441(b), as it is a civil action brought in state court over which the federal district courts have original jurisdiction. This district and division embrace the place where the state action is pending.

## TIMELINESS OF REMOVAL

This Notice of Removal is timely as fewer than thirty days have elapsed since this action became removable to this Court. *See* 28 U.S.C. § 1446(b). The right to removal became apparent upon Plaintiff's filing of its reply brief in support of its motion for preliminary injunction on February 17, 2009, and was further enhanced when Plaintiff argued the similarity of the two pieces of software during the preliminary injunction hearing on February 20, 2009. A transcript of that hearing will be supplied to the Court as soon as it becomes available. In all events, the earliest that Defendants could have received notice of the removability of this action was upon receipt of Plaintiff's Summons and Complaint on January 30, 2009, and this removal is occurring less than thirty days since that service.

## PLEADING, PROCESS AND ORDERS

In compliance with 28 U.S.C. § 1446(a), attached hereto are copies of the entire record of all pleadings, process, papers and orders from the state-court action that were served therein:

| | |
|---|---|
| Exhibit A | Complaint |
| Exhibit B | Summons and Civil Case Cover Sheet |
| Exhibit C | Notice to Plaintiff (re July 2, 2009 Case Management Conference) |
| Exhibit D | *Ex-Parte* Application for Temporary Restraining Order to Show Cause re Preliminary Injunction |

- 5 -
DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION

| | |
|---|---|
| Exhibit E | Memorandum of Points and Authorities in Support of *Ex Parte* Application for Temporary Restraining Order to Show Cause re Preliminary Injunction |
| Exhibit F | Declaration of Scott Dale in Support of *Ex Parte* Application for Temporary Restraining Order to Show Cause re Preliminary Injunction |
| Exhibit G | Declaration of Kyle McEachern in Support of *Ex Parte* Application for Temporary Restraining Order to Show Cause re Preliminary Injunction |
| Exhibit H | Declaration of Andrew Trader in Support of *Ex Parte* Application for Temporary Restraining Order to Show Cause re Preliminary Injunction |
| Exhibit I | Declaration of Jedediah Wakefield in Support of *Ex Parte* Application for Temporary Restraining Order to Show Cause re Preliminary injunction and Expedited Discovery |
| Exhibit J | [Proposed] Order Granting Application for Temporary Restraining Order and Order to Show Cause re Preliminary Injunction |
| Exhibit K | Defendant's Opposition to Plaintiff's *Ex Parte* Application for Temporary Restraining Order to Show Cause re Preliminary injunction and Expedited Discovery and Proof of Service |
| Exhibit L | Declaration of Jeff Chen in Support of Defendant's Opposition to Plaintiff's *Ex Parte* Application for Temporary Restraining Order to Show Cause re Preliminary injunction and Expedited Discovery |
| Exhibit M | Declaration of James Zhang in Support of Defendant's Opposition to Plaintiff's *Ex Parte* Application for Temporary Restraining Order to Show Cause re Preliminary injunction and Expedited Discovery |
| Exhibit N | Order to Show Cause re Preliminary Injunction and Granting OST re: Petition to Compel Arbitration |
| Exhibit O | Notice of Reservation of Right to Arbitration Pursuant to C.C.P. 1281.8(b) and Proof of Service |
| Exhibit P | Defendants' Notice of Petition and Petition to Compel Arbitration and Stay the Action |
| Exhibit Q | Memorandum of Points and Authorities in Support of Defendants' Petition to Compel Arbitration and Stay the Action |
| Exhibit R | [Proposed] Order Granting Defendants' Petition to Compel Arbitration Motion to Stay the Action |
| Exhibit S | Defendants' Opposition to Plaintiff's Application for Preliminary Injunction |

- 6 -

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION

| | |
|---|---|
| Exhibit T | Declaration of Jeff Chen in Support of Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction |
| Exhibit U | Declaration of Clifford Lampe in Support of Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction |
| Exhibit V | Declaration of James Zhang in Support of Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction |
| Exhibit W | Plaintiff Zynga Game Network Inc.'s Reply Memorandum of Points and Authorities in Support of Motion for Preliminary Injunction |
| Exhibit X | Reply Declaration of Scott Dale in Support of Plaintiff's Motion for Preliminary Injunction |
| Exhibit Y | Reply Declaration of Andrew Trader in Support of Plaintiff's Motion for Preliminary Injunction |
| Exhibit Z | Compendium of Non-California Authorities Cited in Plaintiff's Reply Memorandum of Points and Authorities in Support of Motion for Preliminary Injunction and Plaintiff's Opposition to Defendants' Petition to Compel Arbitration |
| Exhibit AA | Plaintiff Zynga Game Network Inc.'s Opposition to Defendants' Petition to Compel Arbitration and Proof of Service |
| Exhibit BB | Court's Minute Orders on Plaintiff's Application for Preliminary Injunction |
| Exhibit CC | Court's Minute Orders on Defendants' Petition to Compel Arbitration |
| Exhibit DD | Defendants' Notice of Withdrawal of Petition to Compel Arbitration |
| Exhibit EE | Defendants' Answer to Plaintiff's Complaint |

## NOTICE TO PLAINTIFF

Immediately following the filing of this Notice of Removal, written notice of the filing will be given by the undersigned to Plaintiff's counsel of record, Jedediah Wakefield of the Fenwick and West LLP law firm. A copy of the Notice of Removal will also be filed with the Clerk for the Superior Court of the County of San Francisco.

1  WHEREFORE, Defendants pray that this civil action be removed from the
2  Superior Court of the State of California, County of San Francisco to the United States
3  District Court for the Northern District of California (San Francisco Division).

6  Dated: February 27, 2009

ANNETTE L. HURST
MICHAEL D. WEIL
CHRISTIAN N. BROWN
ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____
Michael D. Weil
Attorneys for Defendants
CLZ Concepts, Aftershock Innovations LLC,
Jeff Chen and James Zhang